Karnail **SINGH,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–76378.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Keeney, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Karnail Singh, a native and citizen of India, petitions for review of an order of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings in order to seek adjustment of status. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

We lack jurisdiction over Singh's equitable tolling contention, as he did not exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

Reviewing for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we conclude that the BIA properly applied the 90–day deadline contained in 8 C.F.R. § 1003.2(c)(2) to deny Singh's motion to reopen as untimely. In addition, we reject Singh's contention that his due process rights were violated by the BIA's decision. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.